UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PAOLA ARIAS,

        Plaintiff,

-against-

KR TRUCKING, INC. et al.,

        Defendants.

24-CV-2319 (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

    Plaintiff Paola Arias commenced this action in Bronx County Supreme Court on December 27, 2023, seeking damages for personal injuries resulting from a motor vehicle accident on November 9, 2022. (Dkt. 1-1.) The action was removed to this Court on March 27, 2024. (Dkt. 1.) Plaintiff did not appear for her deposition, scheduled for November 19, 2024, and has failed to retain new counsel or take any steps to prosecute this action pro se since the Court granted her former attorney's motion to withdraw on February 20, 2025. Further, plaintiff has been warned, twice, that her failure to act could result in dismissal of this action. Those warnings had no effect. Consequently, this action will dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

## Background

    On May 29, 2024, all parties consented to have the assigned Magistrate Judge conduct all proceedings in this case, pursuant to 28 U.S.C. § 636(c). (Dkt. 15.) On June 27, 2024, I held an initial management conference, at which all parties appeared through counsel. On November 7, 2024, Richard Noll, Esq., who was then counsel for plaintiff, notified the Court, *inter alia*, that "[a]ll automatic disclosures, document discovery requests and responses have been completed by all parties," that plaintiff's deposition was scheduled for November 19, and that "[c]ounsel

conferred on and agreed that there are no current electronic discovery needs." (Dkt. 20.) However, plaintiff never appeared for her deposition. (Dkt. 23.)

On January 21, 2025, attorney Noll filed a motion to withdraw as counsel for plaintiff (Dkt. 27), on the ground that "there has been a complete breakdown of the attorney client relationship with a complete lack of communication and cooperation from Paola Arias that prevents the continued prosecution of this case by The Noll Law Firm, P.C." (*Id.* at 1.) On February 4, 2025, defendants filed a letter-motion for sanctions pursuant to Fed. R. Civ. P. 37(d) for plaintiff's failure to appear at her deposition. (Dkt. 30.) On February 20, 2025, I held a hearing on both motions, after which I granted attorney Noll's motion to withdraw, effective upon proof of service of that order on plaintiff by mail and email. *See* February 20 Order (Dkt. 36) ¶ 1. I also granted defendants' motion for sanctions, permitting defendants to recover, from plaintiff alone, their reasonable costs and attorney's fees incurred in preparing for and attending plaintiff's deposition. (*Id.* ¶ 3.) Additionally, I ordered that, no later than March 21, 2025, plaintiff's new counsel file a notice of appearance, or, in the alternative, if plaintiff chose to represent herself, plaintiff file a Notice of Pro Se Appearance by the same deadline. (*Id.* ¶ 2.) I warned plaintiff that "if she neither retains new counsel nor files a Notice of Pro Se Appearance by this deadline, her case may be dismissed." (*Id.*) On February 21, 2025, attorney Noll filed proof of service of the February 20 Order on plaintiff by mail and email. (Dkt. 37.)

March 21, 2025 came and went without plaintiff retaining new counsel or filing a Notice of Pro Se Appearance. On April 4, 2025, the Court *sua sponte* extended plaintiff's deadline to May 5, 2025. (Dkt. 38.) This time, I warned that "[i]f plaintiff neither retains new counsel nor files a Notice of Pro Se Appearance by May 5, 2025, this action *will* be dismissed for failure to prosecute." (*Id.*) (emphasis added). That order was mailed to plaintiff's address of record.

Plaintiff's May 5 deadline has now come and gone, but she has neither retained new counsel nor filed a Notice of Pro Se Appearance. There has been no further activity in this case.

## Discussion

Rule 41(b) provides that if a "plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). "A district court may decide, *sua sponte,* to dismiss a pro se litigant's action for failure to prosecute 'so long as a warning has been given that non-compliance can result in dismissal.'" *McFarlane v. City of New York*, 2014 WL 3865245, at *1 (S.D.N.Y. Aug. 4, 2014) (quoting *Agiwal v. Mid Island Mortg. Corp.,* 555 F.3d 298, 302 (2d Cir. 2009)); *see also Adams v. City of New York, N.Y.P.D.*, 2018 WL 1801294, at *1 (S.D.N.Y. Apr. 12, 2018) (dismissing pro se complaint pursuant to Rule 41(b) where plaintiff had been warned that failure to comply with the Court's orders could result in dismissal); *see also Zappin v. Doyle*, 756 F. App'x 110, 112 (2d Cir. 2019) (summary order) (affirming district court's dismissal of case where pro se plaintiff failed to comply with court orders).

In determining whether to dismiss a pro se action for failure to prosecute under Rule 41(b), the Second Circuit has directed district courts to weigh five factors:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Short v. City of New York*, 2018 WL 6618818, at *1 (S.D.N.Y. Dec. 18, 2018) (quoting *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (per curiam)).

Here, each factor favors dismissal. *First*, plaintiff has failed to retain new counsel or proceed pro se with the prosecution of this action by filing a Notice of Pro Se Appearance, since

the withdrawal of her former attorney. *Second*, I twice warned plaintiff that failure to retain counsel or file a Notice of Pro Se Appearance could result in dismissal of this action. *Third*, defendants have been prejudiced by plaintiff's noncompliance, in that they have been required to engage in discovery and attend court conferences but have been unable to move forward in defending this action, including by taking plaintiff's deposition. *Fourth*, plaintiff has taken no action to advance this case since attorney Noll notified the court on November 7, 2024 that written discovery had been completed by the parties. Given an opportunity to provide deposition testimony, plaintiff failed, without explanation, to appear for examination. *Fifth* and finally, I have already imposed a sanction less harsh than dismissal, by ordering that defendants may recover, from plaintiff alone, their reasonable costs and attorney's fees incurred in preparing for and attending plaintiff's deposition (Dkt. 36 ¶ 3), which has proven to be ineffective to prompt plaintiff to prosecute this action.

## Conclusion

For the reasons stated above, this action is hereby DISMISSED, pursuant to Fed. R. Civ. P. 41(b), without prejudice. Because the dismissal is without prejudice, this Order does not prohibit plaintiff from refiling her claims. However, under New York law, personal injury claims are subject to a three-year statute of limitations. *See* N.Y.C.P.L.R. § 214. Since the underlying automobile accident allegedly occurred on November 9, 2022, plaintiff must refile her claims, if at all, on or before November 8, 2025. The Clerk of Court is respectfully directed to mail a copy of this Order to plaintiff at 1071 Elder Ave Apt. #5B Bronx, NY 10472.

Dated: New York, New York
      May 22, 2025

SO ORDERED.

_____
**BARBARA MOSES**
**United States Magistrate Judge**